JOHN S. CHADWICK *versus* ENOS EASTMAN *& al.*

Any alteration which changes the legal effect of a written instrument, either in its terms or parties, or as an instrument of evidence, is material; and, if made by the holder without the consent of the maker, will invalidate it.

Where a promissory note, given for a partnership debt, uses the following words, "we, or either of us, promise jointly and severally to pay," &c., and it is signed by one of the partners alone; and, subsequently, and without the knowledge of either defendant, the payee altered the note by inserting, immediately above the signature, the words "for E. & W. E——," the names of the firm; in an action upon the note against both members of the firm; — *Held*, such alteration was material and would avail both defendants to avoid the note.

Inferences to be drawn from the face of such a note, as to intention and consent of the parties.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, C. J., presiding.

The facts fully appear in the opinion.

*McCrillis*, for the plaintiff, submitted an elaborate brief, and contended, among other things, that—

The alteration was immaterial, because, without it, upon the face of the note, it appears that Wm. L. Eastman is bound jointly with his co-partner.

If the addition was a material alteration, the payee had the implied consent of Wm. L. Eastman to make it.

The individual signature of one partner, made on partnership account, is the signature of himself and all of his co-partners, as the signature of an agent on account of his principal, and, in pursuance of his delegated authority, is the signature of the principal.

Each partner, dealing for the firm, acts for himself and as agent for his co-partners. 1 Parsons on Contracts, 163 ; 3 Kent's Com., 41 ; *S. F. Manufacturing Co.* v. *Goddard*, 14 How., 455 ; *Beckham* v. *Drake & als.*, 9 Meeson & Welsby, 79.

An agency is disclosed on the face of the note. W. L. Eastman undertakes to bind another person jointly with himself.

The intention of the parties was to bind the signer jointly with his partner ; because, neither W. L. Eastman nor any other agent can, by his own signature, bind another person jointly with himself, unless he also sustain the relation of partner to such person.

The words, " we, or either of us," mean I and my partner. It was not necessary that Enos Eastman be named by his name on the face of the note. It was enough if W. L. Eastman described the person bound with him, as his partner. *Id certum est quod certum reddi potest.* Story on Promissory Notes, § 73.

Upon its face, the note is incomplete to bind any body but the signer, because of the omission of the name of the person intended to be bound ; and the consent of the signer, that the omitted name may be supplied in order that the intention of the parties, as expressed on the face of the note, shall not be defeated, is implied.

An alteration, though in a material part, will not vitiate the instrument, if made to correct a mistake and in furtherance of the original intention of the parties. Byles on Bills, 389 ; 2 Parsons on Bills, 554, and cases there cited.

*J. A. Peters,* for the defendants.

WALTON, J.—This is an action of assumpsit, and, to support it, the plaintiff read in evidence a note of the following tenor : —

"Bangor, April 19, 1861.—At five days sight, value received of Charles O. Fanning, we, or either of us, promise, jointly and severally, to pay him or bearer, thirteen hundred and sixty-five dollars and thirty-five cents, with interest from date.          "For Enos & Wm. Eastman,

                                        "Wm. L. Eastman."

The defendants contended, and introduced evidence tending to prove, that the words, "*for Enos & Wm. Eastman,*" were inserted in the note by the payee, after its execution, and without the knowledge or consent of either defendant, and that these facts constituted a valid defence to the action.

William Eastman and William L. Eastman, were admitted to be the same person. It was also admitted that the defendants were co-partners, and that the note was given for a co-partnership debt.

The presiding Judge instructed the jury that, if the words "*for Enos & Wm. Eastman,*" were placed on the note by the payee, after its execution, and without the knowledge or consent of defendants, it would be such an alteration as would avail the defendants to avoid the note in this suit.

To this instruction the plaintiff excepted, and his counsel contends, in a very able and instructive argument, that the exceptions ought to be sustained and a new trial granted. He says that the defendants were co-partners, and that the note in suit was given for a co-partnership debt; that Wm. L. Eastman had the power, and that the language of the note, "we, or either of us, promise," &c., shows that he intended to bind his co-partner as well as himself; that the

law will give effect to this intention, by holding Enos as a joint promisor upon the note in its original form, or by giving the payee authority to add sufficient for the purpose; that, if the former be the correct view, then the alteration was immaterial,—if the latter, then the payee had authority to make it; that the intention to bind Enos, which he contends is apparent upon the face of the note, renders the alteration immaterial or impliedly authorized; and that, upon either view, the plaintiff is entitled to judgment against both defendants for the amount of the note.

1. Was the insertion of the words "*for Enos & Wm. Eastman,*" a material alteration of the note? Of this we cannot entertain a doubt. Without these words the note would not be evidence that Enos Eastman was in any way holden upon it. We are not now asserting that he would not be holden upon it,—we are only asserting that the *note itself* would be no evidence of it,—that his liability, if established at all, would have to be made out by evidence *dehors* the note. But, with these words in, the note itself establishes his liability, *prima facie.* It is very clear, therefore, that the insertion of the words "for Enos & Wm. Eastman," changes the effect of the note as an instrument of evidence, and makes it prove more than it otherwise would. "*Any alteration which changes the evidence or mode of proof is material.*" 2 Parsons on Bills and Notes, 564.

2. Was the form of the note such as to authorize the payee to insert the words "for Enos & Wm. Eastman?" Was it apparent upon the face of the note that Wm. L. Eastman intended by his own signature to bind his co-partner? We think not. On the contrary, the form of the note excludes such an inference. It is in form a joint and several note, and a partner cannot bind his co-partner *severally.* The true inference to be drawn from the form of the note is, that it was made to be signed by two persons, not that two persons were to be bound by the signature of one; and that, for some cause, the signature of the second was not obtained. The note itself does not disclose a

partnership, the language being such, in one respect, as a partner could not properly use. We refer to the words implying a *several* liability. Nor does it disclose the fact that it was given for a partnership debt. Surely *consent* to make the alteration is not implied in the form or language of the note.

But we do not see that any point of law, arising out of this question of implied consent, is open to the plaintiff. *Consent,* whether express or implied, was a fact to be found by the jury; and the presiding Judge does not appear to have made any rulings unfavorable to the plaintiff in relation to it. He told the jury what the consequences would be if the alteration was made *without consent;* but, so far as appears, he left the question whether there was or was not consent, to the jury, unembarrassed by any rulings unfavorable to the plaintiff. It is unnecessary, therefore, to discuss this branch of the case further. 2 Parsons on Bills and Notes, 565.

3. If, then, the alteration was a material one, and was made by the payee after the execution of the note, and without the knowledge or consent of the defendants, was it such an alteration as would avail the defendants to avoid the note in this suit?

Tampering with documentary evidence is not to be encouraged. It is the right of every one to have his contracts remain as he has made them. If error has accidentally crept into a written contract, a court of equity, in proper cases, will correct it. But the law does not allow one of the parties, without the consent of the other, to do it.

It was held in *Pigot's case,* (11 Coke, 27,) that, when a deed is altered in a point material, without the privity of the obligor, it thereby becomes void. The reason of the rule is, that a man shall not take his chance of committing a fraud, and lose nothing by it in case he is detected. The rule was extended, in *Master* v. *Miller,* (4 T. R., 320,) to all written instruments; and affirmed in the same case on writ of error, (5 T. R., 367,) and ever since followed by

Chadwick *v.* Eastman.

the English courts; and the rule is believed to be universally adopted in this country, wherever the common law prevails. To have this effect, the alteration must be material. The insertion of a word which the law itself would supply, though done without the consent of the other party, is immaterial, and will not invalidate the instrument, because its legal effect is not thereby changed.

It is said, in Chitty on Bills, 85, that an alteration to correct a mistake does not vitiate a bill of exchange; and this remark seems to have given rise to an erroneous belief in the minds of some. In all the reported cases on this point, it appears that the alterations were made by *consent*, and the remark, that such an alteration does not invalidate the instrument, had reference to the stamp law, and meant no more than that an alteration, *by consent*, to correct an error, would not require a new stamp. It is erroneous to suppose that one of the parties may lawfully alter an instrument, even to correct an error, without the consent of the other. The other may deny that there is any error, and the holder of the instrument cannot lawfully take upon himself the decision of that question. (2 N. H., 545.)

The correct doctrine is, that any alteration which changes the legal effect of the instrument, either in its terms, or the parties, or as an instrument of evidence, is material; and, if made by the holder, without the consent of the other party, will invalidate it. This is a wise rule of law, and sound policy requires its stringent enforcement.

The alteration of the note in suit was material, and, so far as appears, wholly unauthorized; and we think the presiding Judge did right in ruling that it was such an alteration as would avoid the note.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., CUTTING, KENT, BARROWS and DANFORTH, JJ., concurred.